UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO J. SEVERSON,

           Plaintiff,

v.

KING COUNTY,

           Defendant.

Case No. C17-816-JLR-JPD

ORDER DECLINING TO SERVE AND GRANTING LEAVE TO AMEND

Plaintiff Alonzo Severson is currently a pretrial detainee confined at the King County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint against King County. *See* Dkt. 4-1. Having reviewed plaintiff's complaint, the Court finds and ORDERS:

(1) Plaintiff alleges that King County prosecutors and detectives released inaccurate information to the media regarding his participation in a burglary ring and that the media discriminated against him as an African American in their coverage of the case. He claims that he is the victim of slander and defamation of character, which have caused emotional distress. He also claims that his excessive bail violates the Eighth Amendment. Plaintiff seeks monetary damages.

(2)     Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3)     To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants

caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

  (4) Having screened plaintiff's complaint, the Court has identified the following deficiencies:

   a. Plaintiff fails to state a viable claim against King County, the only defendant named in this action. A local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691-94 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bd. of the Cnty. Comm'rs of Bryant Cnty. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell*, 436 U.S. at 694). Plaintiff fails to identify any King County policy or custom that injured him.

   b. Plaintiff complains about the actions of unnamed King County prosecutors and detectives, suggesting that he would like to bring claims against these individuals. To proceed against specific prosecutors or detectives, plaintiff must identify the individuals as defendants and explain why or how each defendant caused the violation of his federal Constitutional or statutory rights. Plaintiff fails to do so here. Instead, plaintiff's allegations suggest that his alleged injuries were caused by the media coverage, not the actions of the prosecutors or detectives.

   c. Plaintiff also complains about the actions of the media. Members of the media are private individuals, and therefore, they generally do not act under color of law, as required for a § 1983 claim. A § 1983 claim can lie against a private individual or entity, however, when the private party "is a willful participant in joint action with the State or its

agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). The ultimate issue in determining whether a private party is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government. *Id.* Here, plaintiff makes no allegation that suggests the media coverage is attributable to the government, and thus he fails to state a viable claim against the media.

        d.     Plaintiff claims that his bail is excessive in violation of the Eighth Amendment. Under the *Younger* abstention doctrine, this Court cannot intervene in ongoing state court criminal proceedings. *See Younger v. Harris*, 401 U.S. 37 (1971); *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *Gilbertson v. Albright*, 381 F.3d 965, 979-80 (9th Cir. 2004) (en banc). Therefore, plaintiff cannot proceed at this time based on an Eighth Amendment violation.

        e.     Plaintiff's slander and defamation claims are based on state law. State law claims cannot stand alone in a § 1983 action; they must be accompanied by viable federal claims. Plaintiff has not alleged such a federal claim. He cannot proceed with any state law slander and defamation claims unless and until he presents a viable federal claim.

    (5)    Based on the forgoing, the Court DECLINES to serve plaintiff's complaint, but GRANTS him leave to file an amended complaint curing the above-noted deficiencies within **30 days** after the date this Order is signed. The amended complaint must carry the same case number as this one and must be filed on the appropriate form, a copy of which will be sent with this Order. **If no amended complaint is timely filed or if plaintiff files an amended complaint that fails to correct the deficiencies identified above, the Court may recommend**

**that this action be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.**

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, any amended complaint must clearly identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific facts that plaintiff believes support each claim, and the specific relief requested.

(6) The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk also is directed to send copies of this order to the parties and to the Honorable James L. Robart.

Dated this 11th day of July, 2017.

JAMES P. DONOHUE
Chief United States Magistrate Judge