UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO J. SEVERSON,

        Plaintiff,

v.

KING COUNTY, et al.,

        Defendants.

Case No. C17-816-JLR-JPD

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND

Plaintiff Alonzo Severson is currently a pretrial detainee confined at the King County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint against King County. *See* Dkt. 4-1. The Court declined to serve and granted leave to amend. Dkt. 7. Currently before the Court is plaintiff's amended complaint, which names as defendants King County prosecutors David Ryan and Gabriel Jacob, Bellevue Police Detective Steve Sargent, Seattle Police Detective Todd Jacobsen, the Seattle Times, KOMO 4 News, and Q13 Fox News. Dkt. 8. Having reviewed plaintiff's amended complaint, the Court finds and ORDERS:

    (1)    Plaintiff alleges that Mr. Ryan, Mr. Jacob, Detective Sargent, and Detective Jacobsen held a press conference where they released inaccurate information to the media

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 1

regarding his participation in a burglary ring. Dkt. 8 at 3. He claims that he was never charged with the crimes that were mentioned at the press conference. *Id.* Plaintiff claims that he is the victim of slander and defamation of character, which have caused emotional distress. *Id.*

Plaintiff further alleges that the Seattle Times, KOMO 4 News, and Q13 Fox News discriminated against him as an African American in their coverage of the case. *Id.* He claims that the evidence shown in the news belonged to a non-African American man, but the only faces portrayed in the media were faces of African Americans, including plaintiff. *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

(2) Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii); *see Talley v. Jackson*, 2015 WL 3796339, at *1 (W.D. Wash. June 18, 2015) (citations omitted). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear

that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

(3) To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

(4) Having screened plaintiff's amended complaint, the Court has identified the following deficiencies:

    a. Plaintiff complains about the actions of the Seattle Times, KOMO 4 News, and Q13 Fox News, alleging that they discriminated against him as an African American in their news coverage of the burglary ring. Members of the media are private individuals, and therefore, they generally do not act under color of law, as required for a § 1983 claim. A § 1983 claim can lie against a private individual or entity, however, when the private party "is a willful participant in joint action with the State or its agents." *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)). The ultimate issue in determining whether a private party is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government. *Id.* The plaintiff bears the burden of establishing that the media defendants were state actors. *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 3

The Ninth Circuit recognizes four different tests used to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Id.* (citation omitted). "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists." *Kirtley*, 326 F.3d at 1092.

The public function test asks whether private individuals or groups are endowed by the State with powers or functions that are governmental in nature. *Id.* at 1093. Plaintiff makes no allegation that the media defendants were endowed with such powers or functions.

Under the joint action test, courts "consider whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity. This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior." *Id.* (internal quotation and citation omitted). There is no allegation that the local government and media are interdependent or that the local government knowingly accepted any benefits derived from the allegedly unconstitutional media coverage.

"The compulsion test considers whether the coercive influence or 'significant encouragement' of the state effectively converts a private action into a government action." *Id.* at 1094. Plaintiff alleges that state actors held a press conference, but the Court finds this insufficient to constitute coercion or significant encouragement.

"[T]he nexus test asks whether there is such a close nexus between the State and the challenged action that the seemingly private behavior may be fairly treated as that of the State itself." *Id.* at 1094-95 (internal quotation marks and citation omitted). Generally, the governmental nexus test requires evidence that the private actor is "entwined with governmental policies, or . . . [the] government is entwined in [the private actor's] management or control."

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 4

*Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001). Plaintiff's allegations are insufficient to satisfy the nexus test.

Plaintiff fails to allege facts that would support the conclusion that the media defendants were state actors. Therefore, he cannot proceed with a § 1983 action against them. If plaintiff would like to proceed with this claim, he must allege fact establishing state action.

    b.  Plaintiff alleges that Mr. Ryan, Mr. Jacob, and Detectives Sargent and Jacobsen released false information about him to the media and that, as a result, he received threat of death and harm and has suffered extreme emotional distress. Plaintiff readily states a "classical claim for defamation actionable in the courts of virtually every State." *Paul v. Davis*, 424 U.S. 693, 697 (1976). But simple defamation by a state official does not rise to the level of a federal violation required to establish a claim under § 1983. *Id.* at 701. Reputation, standing alone, is not a liberty interest recognized by federal law. *Id.* at 700-02. A federally recognized liberty interest is implicated only when an individual's reputation is stigmatized in connection with the denial of some specific constitutional guarantee or some "more tangible" interest, such as employment. *Id.* at 701; *see also WMX Technologies, Inc. v. Miller*, 80 F.3d 1315, 1319 (9th Cir. 1996) (announcing that *Paul* established a "stigma-plus test"); *Gobel v. Maricopa*, 867 F.2d 1201, 1205 (9th Cir. 1989), *abrogated on other grounds by City of Canton v. Harris*, 489 U.S. 378 (1989) (holding that the plaintiff sufficiently pleaded a "stigma-plus" defamation claim where complaint alleged false statements were made in connection with illegal arrest). Allegations of psychological trauma, humiliation, embarrassment, and emotional distress are insufficient to satisfy *Paul*'s "stigma-plus" test. *Krainski v. Nev. ex. re. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010).

| | |
|---|---|
| 1 | Here, plaintiff does not allege that the defamatory statements were accompanied by the |
| 2 | denial of a specific constitutional guarantee.  He does allege that they caused him to receive |
| 3 | threats and suffer emotional distress, but this is insufficient to state a "stigma plus" defamation |
| 4 | claim.  *See id.*; *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981) (allegation that prosecutor |
| 5 | made baseless accusation of criminal activity to the media without filing charges was not |
| 6 | actionable under § 1983).  Accordingly, plaintiff fails to state a federal defamation claim that can |
| 7 | go forward in this action. |
| 8 |       c.      To the extent plaintiff's slander and defamation claims are based on state |
| 9 | law, they cannot stand alone in a § 1983 action; they must be accompanied by a viable federal |
| 10 | claim.  Plaintiff has not alleged such a federal claim.  He cannot proceed with any state law |
| 11 | slander and defamation claims unless and until he presents a viable federal claim. |
| 12 |     (5)    Based on the forgoing, the Court DECLINES to serve plaintiff's amended |
| 13 | complaint, but GRANTS him leave to file a second amended complaint curing the above-noted |
| 14 | deficiencies within **30 days** after the date this Order is signed.  The second amended complaint |
| 15 | must carry the same case number as this one and must be filed on the appropriate form, a copy of |
| 16 | which will be sent with this Order.  **If no second amended complaint is timely filed or if** |
| 17 | **plaintiff files a second amended complaint that fails to correct the deficiencies identified** |
| 18 | **above, the Court may recommend that this action be dismissed under 28 U.S.C. §** |
| 19 | **1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.** |
| 20 | Plaintiff is advised that an amended pleading operates as a *complete* substitute for an |
| 21 | original pleading.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, any |
| 22 | second amended complaint must clearly identify the defendant(s), the constitutional or federal |
| 23 | |

1 statutory claim(s) asserted, the specific facts that plaintiff believes support each claim, and the specific relief requested.

(6) The Clerk is directed to send plaintiff the appropriate forms so that he may file a second amended complaint. The Clerk also is directed to send copies of this order to plaintiff and to the Honorable James L. Robart.

Dated this 11th day of September, 2017.

*/s/ James P. Donohue*
JAMES P. DONOHUE
Chief United States Magistrate Judge

ORDER DECLINING TO SERVE
AMENDED COMPLAINT AND
GRANTING LEAVE TO AMEND - 7