UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALONZO J. SEVERSON,

              Plaintiff,

    v.

KING COUNTY, et al.,

              Defendants.

Case No. C17-816-JLR-JPD

REPORT AND RECOMMENDATION

I.     INTRODUCTION

Plaintiff Alonzo Severson is currently a pretrial detainee at the King County Jail. Proceeding *pro se* and *in forma pauperis*, he filed a 42 U.S.C. § 1983 civil rights complaint, which also alleged state law claims. *See* Dkt. 4-1. The Court declined to serve and granted leave to amend. Dkt. 7. Plaintiff then filed an amended complaint. Dkt. 8. Again, the Court declined to serve and granted leave to amend by October 11, 2017. Dkt. 9. Plaintiff did not file a second amended complaint. Accordingly, the Court recommends that plaintiff's § 1983 claims be DISMISSED with prejudice for failure to state a claim and that his state law claims be DISMISSED without prejudice to filing in state court. The Court further recommends that the dismissal count as a "strike" under 28 U.S.C. § 1915(g).

REPORT AND RECOMMENDATION - 1

II. FACTUAL ALLEGATIONS

Plaintiff's amended complaint names as defendants King County prosecutors David Ryan and Gabriel Jacob, Bellevue Police Detective Steve Sargent, Seattle Police Detective Todd Jacobsen, the Seattle Times, KOMO 4 News, and Q13 Fox News. Dkt. 8.

Plaintiff alleges that Mr. Ryan, Mr. Jacob, Detective Sargent, and Detective Jacobsen held a press conference where they released inaccurate information to the media regarding his participation in a burglary ring. *Id.* at 3. He claims that he was never charged with the crimes that were mentioned at the press conference. *Id.* Plaintiff claims that he is the victim of slander and defamation of character, which have caused emotional distress. *Id.*

Plaintiff further alleges that the Seattle Times, KOMO 4 News, and Q13 Fox News discriminated against him as an African American in their coverage of the case. *Id.* He claims that the evidence shown in the news belonged to a non-African American man, but the only faces portrayed by the media were faces of African Americans, including plaintiff. *Id.* Plaintiff seeks monetary damages. *Id.* at 4.

III. DISCUSSION

A. Legal Standards

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it "fails to state a claim on which relief can be granted." 28 U.S.C. § 1915(e)(2)(b)(ii). To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a

cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

The Court holds *pro se* plaintiffs to less stringent pleading standards than represented plaintiffs and liberally construes a *pro se* complaint in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Nevertheless, § 1915(e) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000) (en banc). When dismissing a complaint under § 1915(e), the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

B.  Deficiencies in Plaintiff's Amended Complaint

Upon screening plaintiff's amended complaint, the Court identified the following deficiencies and gave plaintiff the opportunity to amend. Dkt. 9. Because plaintiff did not cure the deficiencies, his amended complaint should be dismissed.

(1)  Plaintiff complains about the actions of the Seattle Times, KOMO 4 News, and Q13 Fox News, alleging that they discriminated against him as an African American in their

REPORT AND RECOMMENDATION - 3

news coverage of the burglary ring.  Members of the media are private individuals, and therefore, they generally do not act under color of law, as required for a § 1983 claim.  A § 1983 claim can lie against a private individual or entity, however, when the private party "is a willful participant in joint action with the State or its agents."  *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (quoting *Dennis v. Sparks*, 449 U.S. 24, 27 (1980)).  The ultimate issue in determining whether a private party is subject to suit under § 1983 is whether the alleged infringement of federal rights is fairly attributable to the government.  *Id.*  The plaintiff bears the burden of establishing that the media defendants were state actors.  *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011).

The Ninth Circuit recognizes four different tests used to identify state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus."  *Id.* (citation omitted).  "Satisfaction of any one test is sufficient to find state action, so long as no countervailing factor exists."  *Kirtley*, 326 F.3d at 1092.

The public function test asks whether private individuals or groups are endowed by the State with powers or functions that are governmental in nature.  *Id.* at 1093.  Plaintiff makes no allegation that the media defendants were endowed with such powers or functions.

Under the joint action test, courts "consider whether the state has so far insinuated itself into a position of interdependence with the private entity that it must be recognized as a joint participant in the challenged activity.  This occurs when the state knowingly accepts the benefits derived from unconstitutional behavior."  *Id.* (internal quotation and citation omitted).  There is no allegation that the local government and media are interdependent or that the local government knowingly accepted any benefits derived from the allegedly unconstitutional media coverage.

REPORT AND RECOMMENDATION - 4

1   "The compulsion test considers whether the coercive influence or 'significant

2   encouragement' of the state effectively converts a private action into a government action." *Id.*

3   at 1094. Plaintiff alleges that state actors held a press conference, but the Court finds this

4   insufficient to constitute coercion or significant encouragement.

5   "[T]he nexus test asks whether there is such a close nexus between the State and the

6   challenged action that the seemingly private behavior may be fairly treated as that of the State

7   itself." *Id.* at 1094-95 (internal quotation marks and citation omitted). Generally, the

8   governmental nexus test requires evidence that the private actor is "entwined with governmental

9   policies, or . . . [the] government is entwined in [the private actor's] management or control."

10   *Brentwood Academy v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001).

11   Plaintiff's allegations are insufficient to satisfy the nexus test.

12   Plaintiff fails to allege facts that would support the conclusion that the media defendants

13   were state actors. Therefore, he cannot proceed with a § 1983 action against them.

14   (2)   Plaintiff alleges that Mr. Ryan, Mr. Jacob, and Detectives Sargent and Jacobsen

15   released false information about him to the media and that, as a result, he received threats of

16   death and harm and has suffered extreme emotional distress. Plaintiff readily states a "classical

17   claim for defamation actionable in the courts of virtually every State." *Paul v. Davis*, 424 U.S.

18   693, 697 (1976). But simple defamation by a state official does not rise to the level of a federal

19   violation required to establish a claim under § 1983. *Id.* at 701. Reputation, standing alone, is

20   not a liberty interest recognized by federal law. *Id.* at 700-02. A federally recognized liberty

21   interest is implicated only when an individual's reputation is stigmatized in connection with the

22   denial of some specific constitutional guarantee or some "more tangible" interest, such as

23   employment. *Id.* at 701; *see also WMX Technologies, Inc. v. Miller*, 80 F.3d 1315, 1319 (9th

REPORT AND RECOMMENDATION - 5

1  Cir. 1996) (announcing that *Paul* established a "stigma-plus test"); *Gobel v. Maricopa*, 867 F.2d

2  1201, 1205 (9th Cir. 1989), *abrogated on other grounds by City of Canton v. Harris*, 489 U.S.

3  378 (1989) (holding that the plaintiff sufficiently pleaded a "stigma-plus" defamation claim

4  where complaint alleged false statements were made in connection with illegal arrest).

5  Allegations of psychological trauma, humiliation, embarrassment, and emotional distress are

6  insufficient to satisfy *Paul*'s "stigma-plus" test. *Krainski v. Nev. ex. re. Bd. of Regents of Nev.*

7  *Sys. of Higher Educ.*, 616 F.3d 963, 971 (9th Cir. 2010).

8        Here, plaintiff does not allege that the defamatory statements were accompanied by the

9  denial of a specific constitutional guarantee. He does allege that they caused him to receive

10 threats and suffer emotional distress, but this is insufficient to state a "stigma plus" defamation

11 claim. *See id.*; *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir. 1981) (allegation that prosecutor

12 made baseless accusation of criminal activity to the media without filing charges was not

13 actionable under § 1983). Accordingly, plaintiff fails to state a federal defamation claim that can

14 go forward in this action.

15 C.    <u>The Court Should Decline Supplemental Jurisdiction Over Plaintiff's State Law Claims</u>

16       Plaintiff alleges state law claims for slander and defamation, but he fails to state a claim

17 for any violation of federal law. A district court "may decline to exercise supplemental

18 jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has

19 original jurisdiction." 28 U.S.C. § 1367(c). "[I]n the usual case in which all federal-law claims

20 are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction

21 doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to

22 exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484

23 U.S. 343, 350 n. 7 (1988), *superseded on other grounds by statute as recognized in Fent v. Okla.*

*Water Res. Bd.*, 235 F.3d 553, 557 (10th Cir. 2000). Because these factors weigh against exercising jurisdiction over only plaintiff's state law claims, the Court recommends that they be dismissed without prejudice to filing in state court.

D.   Dismissal Should Count as a "Strike" Under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act's "three-strikes" rule "prohibits a prisoner from filing an action *in forma pauperis* (IFP) if he has accumulated three 'strikes' for prior federal-court actions while incarcerated or in detention, unless he is 'under imminent danger of serious physical injury.'" *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1051 (9th Cir. 2016) (quoting 28 U.S.C. § 1915(g)). "A prisoner can incur a 'strike' for bringing an action 'that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.'" *Id.* (quoting 28 U.S.C. § 1915(g)).

Because plaintiff fails to state a federal claim upon which relief may be granted, despite being advised of the applicable legal standards and given an opportunity to amend, the dismissal of this action should count as a "strike" under § 1915(g). *See, e.g.*, *Henry v. Miranda*, No. 16-cv-458, 2017 WL 1198591, at *2 (E.D. Cal. Mar. 31, 2017) (dismissing § 1983 claims with prejudice for failure to state a claim, dismissing state law claims without prejudice, and counting dismissal as a "strike" under § 1915(g)); *Young v. Rodriguez*, No. 15-cv-2604, 2016 WL 492440, at *2 (E.D. Cal. Aug. 8, 2016) (concluding that dismissal of state law claims constitutes a "strike" under § 1915(g)).

IV.   CONCLUSION

The Court recommends that plaintiff's § 1983 claims be DISMISSED with prejudice for failure to state a claim upon which relief may be granted and that plaintiff's state law claims be DISMISSED without prejudice to filing in state court. The Court further recommends that this

REPORT AND RECOMMENDATION - 7

1 dismissal count as a "strike" under 28 U.S.C. § 1915(g).  A proposed order accompanies this
2 Report and Recommendation.

3     Objections to this Report and Recommendation, if any, should be filed with the Clerk and
4 served upon all parties to this suit by no later than **November 15, 2017**.  Failure to file objections
5 within the specified time may affect your right to appeal.  Objections should be noted for
6 consideration on the District Judge's motion calendar for the third Friday after they are filed.
7 Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no
8 timely objections are filed, the matter will be ready for consideration by the District Judge on
9 **November 17, 2017.**

10    This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
11 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
12 assigned District Judge acts on this Report and Recommendation.

13    Dated this 25th day of October, 2017.

*[signature: James P. Donohue]*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 8